UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| PRESTIGE INSTITUTE FOR PLASTIC SURGERY, P.C., on behalf of PATIENT SA,<br><br>Plaintiff,<br><br>v.<br><br>AETNA LIFE INSURANCE COMPANY, MACQUARIE HOLDINGS (U.S.A.) INC., and MACQUARIE HOLDINGS,<br><br>Defendants. | Case No. 1:20-cv-10371-RMB-AMD |

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION
TO MOTION TO DISMISS THE COMPLAINT**

Michael F. Fried
AXELROD LLP
354 North Fourth Avenue
Highland Park, NJ 08904
(732) 718-6171
mfried@axelrodllp.com

Robert J. Axelrod
AXELROD LLP
Admitted *pro hac vice*
800 Third Avenue, Suite 2800
New York, NY 10022
(646) 448-5263
rjaxelrod@axelrodllp.com

Leslie S. Howard
COHEN HOWARD LLP
766 Shrewsbury Avenue, Suite 200
Tinton Falls, NJ 07724
(732) 747-5202
lhoward@cohenhoward.com

*Attorneys for Prestige Institute for Plastic Surgery, P.C., on behalf of Patient SA*

**TABLE OF CONTENTS**

I.    INTRODUCTION ................................................................................................................ 1

II.    FACTS ................................................................................................................................ 3

III.    ARGUMENT ...................................................................................................................... 4

    A.    Standard of Review ................................................................................................. 4

    B.    Plaintiff Has Standing under ERISA Because Plaintiff is an Authorized Representative of the Patient .......................................................................................................... 4

    C.    The Complaint Alleges a Claim for Breach of Fiduciary Duty against the Plan Administrator ......................................................................................................... 6

IV.    CONCLUSION .................................................................................................................. 8

# **TABLE OF AUTHORITIES**

**Cases**

*Bixler v. Central Pa. Teamsters Health-Welfare Fund*, 12 F.3d 1292 (3d Cir. 1993) .................... 6

*Devito v. Aetna, Inc.*, 536 F. Supp. 2d 523 (D.N.J. 2008) ............................................................. 7

*HUMC Opco LLC v. United Benefit Fund*,
   2016 U.S. Dist. LEXIS 154544 (D.N.J. Nov. 7, 2016) ........................................................... 2, 7

*Omega Hosp., LLC. v. United Healthcare Servs.*, 345 F. Supp. 3d 712 (M.D. La. 2018) ............. 6

*Outpatient Specialty Surgery Partners, Ltd. v. UnitedHealth Ins. Co.*,
   2016 U.S. Dist. LEXIS 82312 (S.D. Tex. June 24, 2016) ........................................................ 5

*Parente v. Bell Atl.*, 2000 U.S. Dist. LEXIS 4851 (E.D. Pa. Apr. 17, 2000) ................................. 7

*Premier Health Ctr. P.C. v. UnitedHealth Group*,
   2012 U.S. Dist. LEXIS 44878 (D.N.J. Mar. 30, 2012) ............................................................. 4

*Schmidt v. Wells Fargo Bank, N.A.*,
   2019 U.S. Dist. LEXIS 36352 (D. N.J. Mar. 7, 2019) .............................................................. 5

*Tannenbaum v. UNAM Life Ins. Co.*, 2004 U.S. Dist. LEXIS 5664 (E.D. Pa. Feb. 27, 2004) ... 2, 7

*Warth v. Seldin*, 422 U.S. 490 (1975) ........................................................................................... 4

**Statutes**

ERISA ................................................................................................................................. passim

**Rules**

Fed. R. Civ. P. 8(d). ....................................................................................................................... 2
Fed. R. Civ. P. 8(e)(2) .................................................................................................................... 7
Fed. R. Civ. P. 12(b)(1) ......................................................................................................... 2, 4, 6
Fed. R. Civ. P. 12(b)(6) ............................................................................................................. 1, 2

**Regulations**

29 CFR § 2590.715-2719(a)(2)(iii) ................................................................................................ 5

80 Fed. Reg. 72266 (Nov. 18, 2015) .............................................................................................. 5

Plaintiff Prestige Institute for Plastic Surgery, P.C., on behalf of Patient SA ("Prestige Institute" or "Plaintiff"), hereby respectfully files this memorandum of law in opposition to the motion of Defendant Aetna Life Insurance Company ("Aetna"), Macquarie Holdings (U.S.A.) Inc. (the "Plan Administrator Defendant"), and Macquarie Holdings (the "Plan Defendant") (together "Defendants"), to dismiss the Complaint under Rule 12(b)(1). For the reasons that follow, Defendants' motion should be denied.

## I.     INTRODUCTION

This is an ERISA case alleging unpaid benefits under ERISA § 502(a)(1)(B) involving Defendants' under-reimbursement for a bilateral post-mastectomy breast reconstruction surgery and breach of fiduciary duty under ERISA § 502(a)(3). After Plaintiff, an out-of-network provider, received authorization to perform the surgery and submitted an invoice to Defendant Aetna for $145,312.02  Defendants paid a total of $5,339.09 leaving an unreimbursed amount of $71,287.33, or 93%, which is the financial responsibility of the Patient, and for which she was balance billed. Compl. ¶¶ 6, 14.

Defendants under-reimbursed Plaintiff for the surgery based on Defendant Aetna's simultaneously contradictory statements to Plaintiff in its Explanation of Benefits ("EOB"). It said: "The member's plan provided benefits for covered expenses at the prevailing charge level for the service in the geographical area where it is provided." In the same EOB, Aetna stated: The member's plan provides coverage for charges that are reasonable and appropriate." Aetna further stated: "This procedure has been paid at the reasonable and customary rate." Compl. ¶ 16.

The Complaint alleges that each of these three rates – "prevailing charge," "reasonable and appropriate," and "reasonable and customary," are distinct. They could not have been paid simultaneously. Compl. ¶ 17. Further, none were those based on the terms of the Macquarie Plan,

1

which required out-of-network providers to be reimbursed based on the "recognized charge." The "recognized charge" was in turn based on the geographical area where the service was rendered, as well as the duration and complexity of the service, the education level, licensure, and training of the provider. The Macquarie Plan based the recognized charge on the 80th percentile of the FAIR Health database. Compl. ¶ 18.

Defendants failed to reimburse Plaintiff based on the 80th percentile of the FAIR Health database. Compl. ¶ 19. In breaching the terms of the Macquarie Plan, Defendants violated ERISA.

Defendants do not move to dismiss the Complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6). They move to dismiss the Complaint for lack of standing under Rule 12(b)(1), focusing on the Plan's anti-assignment provision. However, they do not challenge the Complaint's allegations that Plaintiff has ERISA standing by virtue of the Designation of Authorized Representative, and therefore waived any opposition to this separate and independent source of ERISA standing.

Defendants also seek to dismiss the breach of duty claims as redundant of the benefit claims. This effort cannot stand for three reasons. First, Defendants moved under the wrong Rule. Their motion is essentially that Plaintiff does not state a claim, which Defendants cannot properly maintain under their Rule 12(b)(1) motion. Second, courts permit plaintiffs to seek benefits under § 1132(a)(1)(B) simultaneously with "other appropriate equitable relief" under § 1132(a)(3)(B). *See Tannenbaum v. UNAM Life Ins. Co.*, 2004 U.S. Dist. LEXIS 5664 (E.D. Pa. Feb. 27, 2004). Third, courts reject the claims of redundancy Defendants posit. *See HUMC Opco LLC v. United Benefit Fund*, 2016 U.S. Dist. LEXIS 154544, *10 (D.N.J. Nov. 7, 2016) ("A plaintiff may plead in the alternative, or plead causes of action against parties who may be jointly or solely liable. *See generally* Fed. R. Civ. P. 8(d). This claim of redundancy may be dealt with more soundly on a

developed factual record, whether on summary judgment or in connection with focusing the issues preliminary to trial.").

Defendants' motion to dismiss the Complaint should be denied.

## II.     FACTS

The Patient was initially diagnosed with breast cancer. She had previously undergone a bilateral mastectomy and breast reconstruction procedure in 2016. However, because of subsequent radiation therapy, which caused implant extrusion, she needed further breast reconstruction and the removal of abdominal donor site scarring. Compl. ¶ 4.

The Patient was again referred to Joseph F. Tamburrino, M.D., the breast reconstruction surgeon affiliated with Plaintiff who had performed the Patient's initial surgery. Dr. Tamburrino is a double-Board-certified plastic surgeon with fellowship training in reconstructive microsurgery. *Id.*

Plaintiff received authorization from Defendant Aetna to perform the breast reconstruction surgery, and Dr. Tamburrino performed it on April 12, 2017. Compl. ¶ 14. Plaintiff submitted an invoice to Defendant Aetna as required for $76,626.42. Defendants paid $5,339.09, leaving an unreimbursed amount of $71,287.33. This amount was the financial responsibility of the Patient, and she was balance billed. Compl. ¶¶ 3, 14.

Defendant Aetna sent an EOB specifying the reimbursement amount with explanation codes. It said: "The member's plan provided benefits for covered expenses at the prevailing charge level for the service in the geographical area where it is provided." In the same EOB, Aetna stated: The member's plan provides coverage for charges that are reasonable and appropriate." Aetna further stated: "This procedure has been paid at the reasonable and customary rate." Compl. ¶ 16.

However, The Macquarie Plan based the recognized charge on the 80th percentile of the FAIR Health database.  Compl. ¶ 18; Doc. 8-3 at 100.

### III.   ARGUMENT

#### A.   Standard of Review

A motion to dismiss for lack of standing is properly brought under Fed. R. Civ. P. 12(b)(1). *Premier Health Ctr. P.C. v. UnitedHealth Group*, 2012 U.S. Dist. LEXIS 44878, *8 (D.N.J. Mar. 30, 2012).  Pursuant to Rule 12(b)(1), the court must accept as true all material allegations set forth in the complaint and must construe those facts in favor of the nonmoving party. *Id.*; *Warth v. Seldin*, 422 U.S. 490, 501 (1975).

#### B.   Plaintiff Has Standing under ERISA Because Plaintiff is an Authorized Representative of the Patient

Although Defendants state that Plaintiff "is suing as an assignee" and "relies upon an assignment," Plaintiff also received a Designation of Authorized Representative from the Patient, a designation specifically authorized by ERISA rulemaking that cannot be contractually excluded and must be included in every insurance plan. Compl. ¶ 40; 29 C.F.R. § 2560.503-1(b)(4).

Defendants do not move to dismiss on the basis that Plaintiff lacked standing as a Designated Authorized Representative, They twice acknowledge that "Plaintiff brings this action through a purported 'Designation of Authorized Representation' form it received from SA."

In electing not to dismiss based on the Complaint's allegation that Plaintiff was an Authorized Representative of the Patient (separate and apart from an assignee), which provided Plaintiff with ERISA standing, Compl. ¶¶ 31-32, Defendants waived this argument.  They cannot introduce it for the first time in their reply brief. *Schmidt v. Wells Fargo Bank, N.A.*, 2019 U.S.

Dist. LEXIS 36352, *3 n.3 (D. N.J. Mar. 7, 2019) ("the Court will not consider arguments raised for the first time in [a] reply brief").

For the purpose of clarity, the Complaint alleges that in addition to internal appeals a Designated Authorized Representative is also entitled to pursue available remedies under ERISA § 502 on behalf of the Patient.  Compl. ¶ 32.  The reason is straightforward and grounded in the language of the Federal Register and the C.F.R. The Federal Register states: "The claimant is also entitled to pursue any available remedies under section 502(a) of ERISA or under State law, as applicable, on the basis that the plan or issuer has failed to provide a reasonable internal claims and appeals process that would yield a decision on the merits of the claim. *If a claimant chooses to pursue remedies under section 502(a) of ERISA under such circumstances*, the claim or appeal is deemed denied on review without the exercise of discretion by an appropriate fiduciary."  80 Fed. Reg. 72266 (Nov. 18, 2015) (emphasis added).

"Claimant" is defined not only as an individual who makes a claim but as "a claimant's authorized representative." 80 Fed. Reg. 72264; codified as 29 C.F.R. § 2590.715-2719(a)(2)(iii). Therefore, the regulations promulgated by the DOL clearly and unambiguously direct that when a Designated Authorized Representative is a provider the provider is not limited to internal appeals and is entitled to bring a § 502(a) claim on behalf of a patient.

"ERISA regulations require that an employee benefit plan's 'claims procedures do not preclude an authorized representative of a claimant from acting on behalf of such claimant in pursuing a benefit claim or appeal of an adverse benefit determination.'"  *Outpatient Specialty Surgery Partners, Ltd. v. UnitedHealth Ins. Co.*, 2016 U.S. Dist. LEXIS 82312, *10 (S.D. Tex. June 24, 2016). Payments to patients' authorized representatives are payments to patients themselves and do not implicate a plan's anti-assignment clause. *Omega Hosp., LLC. v. United*

*Healthcare Servs.*, 345 F. Supp. 3d 712, 731 (M.D. La. 2018). The language used in this document also functioned to make Plaintiff an agent of the Patient for purposes of maintaining litigation on the Patient's behalf under common-law agency principles.

Defendants' motion to dismiss the Complaint for lack of ERISA standing is limited to the issue of its anti-assignment provision. The Complaint alleges an independent source of ERISA standing that Defendants do not challenge and that provides such standing. The motion should be denied.

### C. The Complaint Alleges a Claim for Breach of Fiduciary Duty against the Plan Administrator

In *Bixler v. Central Pa. Teamsters Health-Welfare Fund*, 12 F.3d 1292 (3d Cir. 1993), the Third Circuit held that an ERISA beneficiary harmed by a breach of fiduciary duty had a direct breach of fiduciary claim for equitable relief under ERISA § 502(a)(3), which authorizes causes of action for "appropriate equitable relief" to redress violations of ERISA.

Nonetheless, Defendants trot out the familiar refrain that an ERISA § 502(a)(3) claim should be dismissed out of hand because it is redundant of an unpaid benefits claim brought under ERISA § 502(a)(1)(B). There are four reasons why Defendants are wrong.

First, Defendants move to dismiss the breach of fiduciary duty claim not on the basis of lack of jurisdictional standing but as failing to state a claim. Yet, their motion to dismiss is limited to Rule 12(b)(1). They do not move to dismiss the fiduciary claim on the basis of standing and cannot utilize this Rule as the basis for their motion to dismiss on purported grounds of redundancy. The Court should deny Defendants' motion to dismiss on this basis.

Second, Defendants' indirect suggestion that Plaintiff's fiduciary claim is "akin to a claim to enforce the terms of a benefit plan" is without merit. The ERISA § 502(a)(1)(B) claim is for unpaid benefits based on Defendants' breach of the terms of the Macquarie Plan, which

6

represented a violation of ERISA.  The ERISA § 502(a)(3) claim is different.  It is based on the Plan Administrator's breach of its fiduciary duties in permitting the claims administrator, Defendant Aetna, to violate ERISA and the terms of the Macquarie Plan, and its failure to monitor and correct Defendant Aetna despite its continuing fiduciary duty to do so. Compl. ¶ 44, 52-57. Plaintiff does not seek unpaid benefits for this claim; it seeks declaratory relief, surcharge, profits, and removal – very different equitable remedies.  Compl. ¶ 58.

Numerous district courts in this Circuit have refused to dismiss an ERISA § 502(a)(3) claim, rejecting the argument that the ERISA § 502(a)(1)(B) claim is adequate. In *Parente v. Bell Atl.*, 2000 U.S. Dist. LEXIS 4851, *6 (E.D. Pa. Apr. 17, 2000), the court first noted:

> Aetna's next attack on plaintiff's complaint is limited to the second count.  Aetna argues that plaintiff may not seek equitable relief under § 1132(a)(3) because she has an adequate remedy in her claim for recovery of benefits under § 1132(a)(1)(B). I am suspicious of Aetna's argument that claims for recovery of benefits under § 1132(a)(1)(B) and equitable relief under § 1132(a)(3) are mutually exclusive.

The *Parente* court held:

> [A] plaintiff is only precluded from seeking equitable relief under § 1132(a)(3) when a court determines that plaintiff *will certainly receive* or *actually receives* adequate relief for her injuries under ERISA § 502(a)(1)(B) or some other ERISA section. Such a determination cannot be made on a motion to dismiss.

*Id.* at *13-*14 (emphasis in original).  *See Devito v. Aetna, Inc.*, 536 F. Supp. 2d 523, 533-534 (D.N.J. 2008) (denying motion to dismiss ERISA § 502(a)(3) claim); *Tannenbaum*, 2004 U.S. Dist. LEXIS 5664, *14-*15  ("Plaintiff can simultaneously seek benefits under § 1132(a)(1)(B) and 'other appropriate equitable relief' under § 1132(a)(3)(B).")

Courts also reject claims of redundancy. The *Parente* court held that "Rule 8(e)(2) specifically contemplates pleading in the alternative." 2000 U.S. Dist. LEXIS 4851, *6.  *HUMC Opco LLC*, 2016 U.S. Dist. LEXIS 154544, *10 (D.N.J. Nov. 7, 2016) ("A plaintiff may plead in the alternative, or plead causes of action against parties who may be jointly or solely liable. *See*

7

*generally* Fed. R. Civ. P. 8(d). This claim of redundancy may be dealt with more soundly on a developed factual record, whether on summary judgment or in connection with focusing the issues preliminary to trial.").

The Third Circuit recognizes that the ERISA § 502(a)(3) breach of fiduciary duty claim seeking purely equitable relief is a legitimate cause of action and may be brought against a fiduciary even though there may be separate cause of action under ERISA § 502(a)(1)(B) for unpaid benefits. Plaintiff seeks as equitable remedies, among other things, profits and removal, as noted above. These two remedies are unavailable under ERISA § 502(a)(1)(B), which is limited.

### IV. CONCLUSION

Plaintiff respectfully requests that the Court deny Defendants' motion to dismiss the Complaint.[1]

Dated: October 19, 2020

                                                  Michael F. Fried
                                                  AXELROD LLP
                                                  354 North Fourth Avenue
                                                  Highland Park, NJ 08904
                                                  (732) 718-6171
                                                  mfried@axelrodllp.com

                                                  /s/ Robert J. Axelrod
                                                  AXELROD LLP
                                                  800 Third Avenue, Suite 2800
                                                  New York, NY 10022
                                                  (646) 448-5263
                                                  rjaxelrod@axelrodllp.com

---

[1] Should the Court grant the motion in whole or part, Plaintiff respectfully requests leave to file an amended complaint.

          Leslie S. Howard
          COHEN HOWARD LLP
          766 Shrewsbury Avenue, Suite 200
          Tinton Falls, NJ 07724
          (732) 747-5202
          lhoward@cohenhoward.com

*Attorneys for Prestige Institute for Plastic Surgery, P.C., on behalf of Patient SA*

9