[Docket Nos. 8, 17]

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

PRESTIGE INSTITUTE FOR PLASTIC
SURGERY, P.C., on behalf of
PATIENT S.A.,

                Plaintiff,

    v.

AETNA LIFE INSURANCE COMPANY,
et al.,

                Defendants.

Civil No. 20-10371 (RMB/AMD)

**OPINION**

**RENÉE MARIE BUMB, United States District Judge**

    This matter comes before the Court on the Motion to Dismiss brought by Defendants Aetna Life Insurance Company, Macquarie Holdings, and Macquarie Holdings (U.S.A.) Inc. (collectively, "Defendants"), [Docket No. 8], and the Motion to File Sur-Reply by Plaintiff Prestige Institute for Plastic Surgery, P.C. ("Plaintiff"), [Docket No. 17]. For the reasons expressed below, the Court will grant Defendants' Motion and deny Plaintiff's Motion.

**I.   BACKGROUND**

    This suit stems from a dispute over a medical insurance claim. Patient S.A., on whose behalf Plaintiff brought this suit, received health benefits through Defendant Macquarie Holdings, via a self-funded health benefit plan (the "Plan"). Defendant Macquarie

Holdings (U.S.A.) Inc. is the Plan administrator (the "Plan Administrator"). Defendant Aetna Life Insurance Company ("Aetna") is the Plan's claims administrator. Plaintiff is a physician practice group located in Voorhees, New Jersey, and led by Joseph F. Tamburrino, M.D. Plaintiff is an out-of-network provider that does not have a contract with Aetna or participate in Aetna's network of providers.

Defendants' Motion to Dismiss does not require an in-depth recitation of the facts of this case, so the Court will give only a brief overview. On April 12, 2017, S.A. required surgery related to her breast cancer treatment. Dr. Tamburrino performed the surgery. Plaintiff then submitted an invoice on a CMS-1500 form to Aetna in the amount of $76,626.42 for the surgery. Defendants only reimbursed Plaintiff in the amount of $5,339.09. Plaintiff alleges that this under-reimbursement violates the terms of the Plan, which itself is subject to the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et. seq. ("ERISA").

The Plan includes a clause (the "Anti-Assignment Clause" or "Clause") that reads: "Coverage and your rights under this plan may not be assigned. A direction to pay a provider is not an assignment of any right under this plan or of any legal or equitable right to institute any court proceeding." [Docket No. 8-3, at 74.] Plaintiff, to which the Plan was not issued, seeks to bring this action through a "Designation of Authorized

Representative" form (the "DAR") that S.A. executed. [Docket No. 1, ¶¶ 31-32.] The DAR states, in relevant part:

> I hereby convey . . . to the Designated Authorized Representative [Plaintiff] to the fullest extent permissible under the law and under any applicable employee group health plan(s) . . . any claim, cause of action or other right I may have to such group health plans . . . with respect to medical expenses incurred as a result of the medical services I received from the provider(s) and to the full extent per permissible under the law to claim or lien such medical benefits, settlement, insurance reimbursement and any applicable remedies, including but not limited to . . . any administrative and judicial actions . . . by the Designated Authorized Representative to pursue such claim, chose in action or right against any liable party or employee group health plan(s), including, if necessary, to bring suit by the Designated Authorized Representative against such liable party or employee health plan in my name with derivative standing but at such Designated Authorized Representative's expenses.

[Id., ¶ 31.]

Plaintiff's Complaint alleges three causes of action. Counts I and III allege "unpaid benefits under employee benefit plan governed by ERISA" under 29 U.S.C. § 1132(a)(1)(B). [Docket No. 1, ¶¶ 46-51, 59-65.] Count II alleges breach of fiduciary duty under 29 U.S.C. § 1104(a)(1)(B). [Id., ¶¶ 52-58.] Defendants' Motion to Dismiss, however, does not rely on the merits of the case itself, but rather Plaintiff's standing to bring the case. [See Docket No. 8.]

Defendants filed their Motion to Dismiss on September 9, 2020.[1] [Id.] Plaintiff timely responded on October 19, 2020. [Docket No. 14.] Defendants timely replied on October 20, 2020. [Docket No. 15.] Plaintiff filed a Motion to File Sur-Reply, which included its proposed sur-reply brief, on November 1, 2020. [Docket No. 17.]

## II. JURISDICTION

The Court exercises subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

## III. STANDARD

Defendants' Motion argues that Plaintiff lacks standing to bring this suit. "Standing is a jurisdictional matter." Davis v. Wells Fargo, 824 F.3d 333, 346 (3d Cir. 2016). "A motion to dismiss for want of standing is . . . properly brought pursuant to Rule 12(b)(1), because standing is a jurisdictional matter." Ballentine v. United States, 486 F.3d 806, 810 (3d Cir. 2007). Where, as here, "[a] challenge to subject matter jurisdiction under Rule 12(b)(1)" is "facial," it requires the court to 'consider the allegations of

---

[1] The Court notes that Defendants did not follow this Court's Individual Rules & Procedures, which require that, "before bringing a motion to dismiss, . . . a party must submit a letter, not to exceed three (3) single-spaced pages, requesting a pre-motion conference." See http://www.njd.uscourts.gov/sites/njd/files/ProceduresJudgeRenee MarieBumb.pdf (emphasis in original). Nevertheless, the Court will address Defendants' Motion without requiring compliance with that rule.

the complaint as true.'" Id. (quoting Petruska v. Gannon Univ., 462 F.3d 294, 302 n.3 (3d Cir. 2006)). Furthermore, in this instance the Court may consider the Plan itself "without converting the motion to dismiss into one for summary judgment" because the Plan is "integral or explicitly relied upon" in the Complaint. In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).[2]

## IV. ANALYSIS

ERISA provides that "[a] civil action may be brought by a participant or beneficiary to recover benefits dues to him under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). A "participant" is "any employee or former employee of an employer, or any member or former member of an employee organization, who is or may be eligible to receive a benefit of any type from an employee benefit plan." Id. § 1002(7). A "beneficiary" is "a person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder." Id. § 1002(8).

Here, Defendants argue that the Plan's Anti-Assignment Clause precludes Plaintiff from bringing this suit on S.A.'s behalf (that is, as a beneficiary). The Clause states, "Coverage and your rights

---

[2] To the extent that this Motion should have been filed under Rule 12(b)(6), the Court notes that "a motion for lack of statutory standing," as here, "is effectively the same whether it comes under Rule 12(b)(1) or 12(b)(6)." See N. Jersey Brain & Spine Ctr. v. Aetna, Inc., 801 F.3d 369, 371 n.3 (3d Cir. 2015) (citing Warren Gen. Hosp. v. Amgen Inc., 643 F.3d 77, 83 n.7 (3d Cir. 2011)).

under this plan may not be assigned. A direction to pay a provider is not an assignment of any right under this plan or of any legal or equitable right to institute any court proceeding." [Docket No. 8-3, at 74.] The Third Circuit has held that "anti-assignment clauses in ERISA-governed health insurance plans as a general matter are enforceable." Am. Orthopedic & Sports Med. V. Indep. Blue Cross Blue Shield, 890 F.3d 445, 453 (3d Cir. 2018).

Plaintiff does not dispute the validity and enforceability of the Anti-Assignment Clause. Rather, it argues that the Clause does not apply here because "Plaintiff . . . received a Designation of Authorized Representative" from S.A., which Plaintiff argues is "a designation specifically authorized by ERISA rulemaking that cannot be contractually excluded and must be included in every insurance plan."[3] [Docket No. 15, at 4.] In other words, Plaintiff argues that it is bringing this suit not via assignment, but as a DAR.

---

[3] Plaintiff makes an unconvincing argument that Defendants' failure to explicitly move to dismiss the Complaint "on the basis that Plaintiff lacked standing as a Designated Authorized Representative" means that they waived that argument. [Docket No. 15, at 4.] Defendants repeatedly alluded to the DAR in their initial Motion and it is clear to the Court that their standing argument contemplated that aspect of Plaintiff's case. Therefore, the Court will not deny Defendants' Motion on this basis. See Ross Cooperman, M.D., LLC v. Horizon Blue Cross Blue Shield, Case No. 2-19-cv-19225, 2020 WL 5422801, at *3 (D.N.J. Sept. 10, 2020) (denying the same argument). For the same reason, the Court will deny Plaintiff's Motion to File a Sur-Reply, which is based in part on the above argument and is otherwise irrelevant.

The Honorable William J. Martini recently addressed this line of arguments. As the Court noted in that case, 29 C.F.R. 2560.503-1(b) states that "[e]very employee benefit plan shall establish and maintain reasonable procedures governing the filing of benefit claims, notification of benefit determinations, and appeal of adverse benefit determinations." Ross Cooperman, M.D., LLC v. Horizon Blue Cross Blue Shield, Case No. 2-19-cv-19225, 2020 WL 5422801, at *3 (D.N.J. Sept. 10, 2020) (quoting 29 C.F.R. 2560.503-1(b)). The regulation continues,

> The claims procedures for a plan will be deemed to be reasonable only if . . . [t]he claims procedures do not preclude an authorized representative of a claimant from acting on behalf of such claimant in pursuing a benefit claim or appeal of an adverse benefit determination. Nevertheless, a plan may establish procedures for determining whether an individual has been authorized to act on behalf of a claimant.

29 C.F.R. 2560.503-1(b)(4).

As the Cooperman Court noted, "[t]his Court has repeatedly held that this regulation applies only to internal claims and appeals, not to federal lawsuits brought after the plan member exhausts those appeals." Cooperman, 2020 WL 5422801, at *4; see, e.g., Menkowitz v. Blue Cross Blue Shield of Ill., No. CIV. 14-2946, 2014 WL 5392063, at *3 (D.N.J. Oct. 23, 2014); Prof'l Orthopedic Assocs., PA v. Excellus Blue Cross Blue Shield, No. CIV.A. 14-6950 FLW, 2015 WL 4387981, at *8 (D.N.J. July 15, 2015). Plaintiff offers no argument that Courts in this District have

wrongly decided this issue.[4] Therefore, the Court finds that
Plaintiff does not have standing to bring this suit. The Court
will grant Defendants' Motion to Dismiss.[5]

**V.   CONCLUSION**

For the reasons expressed above, the Court will grant
Defendants' Motion to Dismiss and deny Plaintiff's Motion to File
a Sur-Reply. An accompanying Order shall issue.


April 27, 2021                          s/Renée Marie Bumb
Date                                    RENÉE MARIE BUMB
                                        United States District Judge

---

[4] The Court notes that Plaintiff attempts to argue that, under §
502 of ERISA, a DAR "is not limited to internal appeals and is
entitled to bring a § 502(a) claim on behalf of a patient." [Docket
No. 15, at 5.] Plaintiff cites two cases to support this argument,
but its reliance is misplaced. One of the cases held that a
healthcare provider had standing to bring an ERISA action on behalf
of a patient; however, no anti-assignment clause existed in that
case. See Outpatient Specialty Surgery Partners, Ltd. v.
UnitedHealth Ins. Co., CIVIL ACTION NO. 4:15-CV-2983, 2016 U.S.
Dist. LEXIS 82312 (S.D. Tex. June 24, 2016). The other found that
an anti-assignment clause would not preclude a healthcare provider
from bringing an ERISA claim on behalf of a patient; however, that
case turned on a Louisiana statute that invalidated the anti-
assignment clause. Omega Hosp., LLC v. United Healthcare Servs.,
345 F. Supp. 3d 712, 727 (M.D. La. 2018). No such state law exists
here. Therefore, these arguments are unavailing.

[5] Because the Court's decision relies on Plaintiff's lack of
standing, it will not address Defendant's alternative argument
that Count II should be dismissed because it is redundant to
Plaintiff's other claims. [See Docket No. 8-1, at 5-6.]